IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY D. PROFFITT,

        Plaintiff,                    No. CIV S-06-2144 FCD KJM P

     vs.

REDDING POLICE DEPT., et al.,

        Defendants.              <u>ORDER</u>

                           /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Plaintiff has filed a 20 page complaint, accompanied by 124 pages of exhibits in no discernible order.  Although it is difficult to comprehend plaintiff's allegations, it appears that there are four broad groups of claims.

I. <u>Claims Stemming From The Criminal Case Against Plaintiff</u>

Plaintiff names the Redding Police Department as a defendant, allegedly for violating his <u>Miranda</u> rights, creating perjured police reports, and refusing to investigate claims that the victim accused others of molesting her as well.  He alleges that Elliot Burick, his appointed defense attorney, did not investigate the case adequately and pressured him to plead guilty.  Plaintiff also sues the Shasta County District Attorney's Office for allowing the police to lie and failing to investigate the case before charging him.  He sues the Attorney General's office for allegedly submitting perjured documents in connection with his state writs and the state of California for holding him unlawfully and refusing to comply with court orders regarding audio and video tapes.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

/////

All of plaintiff's claims in this category would, if successful, imply the invalidity of his conviction or sentence. Because plaintiff has not shown that his underlying conviction is invalid, this portion of his complaint does not state a claim under the civil rights act and should not be included in any amended complaint.

II. Claims Relating To Child Custody

In a separate, but related group of claims, plaintiff alleges that Joaquin Dunn, a worker with the Child Protective Services, refused to notify the district attorney's office that the victims had lied and also refused to investigate the lies. He also claims that Mary Jane Bates "and all other case workers that is involved with the Proffitt children" knew the victims lied, yet refused to investigate and then "had my children illegally adopted out" to plaintiff's sister.

To the extent that plaintiff is alleging that this group of defendants had an obligation to become involved in the criminal prosecution, these claims also are barred by Heck. In addition, to the extent plaintiff is alleging that this group of defendants failed to explore exculpatory evidence as part of the dependency and ultimate adoption proceedings, these defendants are absolutely immune from suit. Doe v. Lebbos, 348 F.3d 820, 826 (9th Cir. 2003). These claims should not be included in any amended petition.

III. Failure To Protect

Plaintiff claims that while at Salinas Valley State Prison, his cellmate read a report relating to his case and attacked him. Although plaintiff does not spell out the role the prison played in this case, plaintiff may be attempting to allege a failure to protect claim under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 833 (1994), the Supreme Court held that the Eighth Amendment imposes a duty on prison officials to protect an inmate from violence at the hands of another inmate. A prison official is not liable, however, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff has not alleged that prison officials were aware that plaintiff's cellmate would attack him and, indeed, has not named any particular official as being responsible for failing to protect him. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury). Plaintiff will be given the opportunity to amend this portion of his complaint, if he is able to while complying with Federal Rule of Civil Procedure 11.

IV. Delayed Medical Care

Plaintiff alleges that while at Mule Creek State Prison, he fell off his bunk and injured his left side. The doctor who evaluated him wanted him taken by airlift to U.C. Davis Medical Center, but a correctional officer refused to permit this because the officer would not be allowed to take his gun on the helicopter.

An inmate's Eighth Amendment rights may be violated by a delay in receiving medical care if the delay caused harm or unnecessary pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Shapely v. Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff has not alleged that any delay in his receiving the proper care following his fall harmed him or caused him unnecessary pain. Moreover, he has not named the person responsible for refusing to permit him to be taken by helicopter to the hospital. He will be given the opportunity to amend this portion of his complaint, if he is able.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official

/////

participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is directed to restrict any amended complaint to **twenty pages**, including exhibits if any.

V. Plaintiff's Motions

Since filing his complaint, plaintiff has filed over thirty requests and motions, asking that various pieces of evidence be brought to court, that he be allowed to depose certain parties, that he be transferred to Sacramento County Jail, that he be allowed to attend court, and that counsel be appointed. Because the court is dismissing this complaint, there is no action pending ro justify the granting of any or all of plaintiff's motions.

Plaintiff is hereby formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

Plaintiff is also cautioned that the court will not act on any motions until it determines whether he will be permitted to proceed with his civil rights action. Should plaintiff file any motion before the court has determined whether his amended complaint, if any, states a claim, the court may impose sanctions, including dismissal of the action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case, must be labeled "Amended Complaint", **and must not exceed twenty pages**; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

6. The following motions are denied without prejudice: document numbers 4, 5, 9, 10, 11, 12, 13, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51 and 52.

DATED: January 31, 2007.

U.S. MAGISTRATE JUDGE

2
prof2144.14a